UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 18-20256-CR-MARTINEZ

UNITED STATES OF AMERICA,

v.

RAUL SOSA, SR.,

    Defendant.
_____/

## AMENDED[1] ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS MATTER** comes before the Court upon Defendant Raul Sosa's Motion for Compassionate Release Resentencing and Request for Home Confinement, [ECF No. 72]. The Government filed a Response in Opposition, [ECF No. 76]. After requesting a stay of the Court's consideration of the Motion, Petitioner filed an Emergency Motion Requesting Hearing on Mr. Sosa's Motion for Compassionate Release, [ECF No. 90]. The Court held a hearing on the matter on August 6, 2020, and denied Defendant's motions without prejudice on the record. This Order follows.

Defendant, who is fifty-seven years old, is serving an aggregate 108-month consecutive prison sentence stemming from two criminal cases—the latter case before this Court. On November 15, 2015, a jury found Defendant guilty of various counts of tax fraud. [Case No. 15-cr-20170-KMM, ECF No. 103]. On February 4, 2016, Chief Judge Moore sentenced Defendant to 78 months' imprisonment.

While out on pre-trial release in the case before Chief Judge Moore, Defendant engaged in

---

[1] This Order is amended only to correct certain typographical errors in the original order. Otherwise, it is identical.

a conspiracy to commit federal programs bribery, in violation of 18 U.S.C. §§ 371 and 666(a)(2). In short, the Defendant and his son, Raul Sosa, Jr., conspired with then-Opa Locka City Commissioner Luis Santiago and Dante Sparks to pay Santiago and Sparks a $10,000 bribe to ensure that Defendant's towing company was selected to receive a city contract. On May 30, 2018, Defendant pled guilty to the offense. Defendant was sentenced by this Court to 30 months' imprisonment to run consecutively to Defendant's 78-month sentence for tax fraud.

Citing to medical conditions such as diabetes, hypertension, heart disease, and acid reflux, the Defendant requests compassionate release due to the ongoing COVID-19 pandemic. Defendant asserts that he is at an increased risk of developing significant complications should he contract the virus. Defendant has informed the Court that he tested positive for COVID-19 on July 9, 2020, and emphasizes that the authorities at FCI-Miami—where Defendant is incarcerated—have mishandled his treatment. [ECF No. 90].

**I.    Discussion**

Once a Court sentences a person to a term of imprisonment, it may not be modified or revisited. *See United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Indeed, "[t]he authority of a district court to modify an imprisonment sentence is *narrowly* limited by statute." *United States v. Phillip*, 597 F.3d 1190, 1194–95 (11th Cir. 2010) (emphasis added). A Defendant, however, may move for compassionate release pursuant to § 3582(c)(1)(A).

In relevant part, 18 U.S.C. § 3582(c)(1)(A)—as amended by the First Step Act of 2018—provides that the Court, "upon motion of a defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility," may reduce a defendant's term of imprisonment where there are

"extraordinary and compelling reasons" warranting such reduction. *Id*. In order to modify a sentence and grant compassionate release under Section 3582(c)(1)(A)(i), a district court must engage in a four-step process. First, the Court must find that the defendant has fully exhausted all administrative rights to appeal any failure by BOP to bring such a motion on his behalf or that 30 days have expired from the receipt of such a request by the warden of the facility where the defendant is incarcerated. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must consider the Section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id*. Finally, the Court must assess whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2); *see also United States v. Stuyvesant*, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020); *United States v. Bueno-Sierra*, 2020 WL 2526501, at *3 (S.D. Fla. May 17, 2020). It is Defendant's burden to meet each of these thresholds. *See, e.g.*, *United States v. Hylander*, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020).

The applicable § 3553(a) factors include, among others, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." § 3553(a). The applicable policy statement issued by the Sentencing Commission is found in U.S.S.G. § 1B1.13. It provides that a court may reduce a term of imprisonment if "(1) extraordinary and compelling reasons warrant the reduction;" "(2) the defendant is not a danger to the safety of any other person or to the community;" and "(3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

After considering the foregoing factors, the Court finds that Defendant has not met his burden to establish that compassionate release is warranted. The Court does not question—and the Government does not challenge—Defendant's assertion that his health concerns constitute extraordinary and compelling reasons under the circumstances. Indeed, Defendant has contracted COVID-19. As discussed at the August 6th hearing, however, Defendant was not intubated during his hospitalization, showed improvements in his symptoms, and was discharged from Larkin Hospital. According to BOP medical records, as of August 5, 2020, Defendant was in "stable condition," denied having any acute symptoms, and stated that he was "feeling better." [ECF No. 93-1]. The Court appreciates the dangers of COVID-19, particularly within the prison population and for those who are older and have preexisting conditions. The Court finds, however, in light of Defendant's apparent recovery, he has failed to establish extraordinary and compelling circumstances for release. *See United States v. Brown*, No. 14-cr-60161-BLOOM, 2020 WL 2568807, at *4 (S.D. Fla. May 21, 2020) ("[T]he BOP Director has not found COVID-19 alone to be a basis for compassionate release.").

Furthermore, the § 3553(a) factors do not support compassionate release. The Court takes issue with Defendant's difficulties with recidivism. For one, Defendant committed the instant bribery offense while on bond for another criminal case. And notably, Defendant's release plan indicates that should compassionate release be granted, he would be living with his prior co-defendants Maura Sosa and Raul Sosa, Jr. The Court understands that these individuals are his wife and son respectively; however, Defendant's willingness to recruit his then-20-year-old son into his bribery conspiracy—while Defendant was already out on bond on a separate federal indictment—highlights this Court's significant concerns.

Finally, not only may Defendant's release impact the welfare of his family for recidivism

4

reasons, it may also impact their health given his recent positive diagnosis. Defendant has failed to establish how he would receive better treatment once outside of the custody and care of the Bureau of Prisons, or why releasing him would not serve a greater risk to his family and the community at large.

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant's Motion for Compassionate Release Resentencing and Request for Home Confinement, [ECF No. 72], is **DENIED without prejudice**. Should Defendant's medical circumstances change, however, Defendant may refile his motion with supporting records and information.

2. The Court also considers Defendant's Emergency Motion Requesting Hearing on Motion for Compassionate Release, [ECF No. 90], **DENIED AS MOOT**, in light of this Court's August 6, 2020 hearing and findings on the record.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of August 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to all counsel of record